FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/10/2021 12:34 PM
JAMIE SMITH
DISTRICT CLERK
A-207530

CAUSE NO. _____

| | | |
|---|---|---|
| PAULA JONES, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, | § § | |
| | § | |
| | § | \_\_\_\_\_ DISTRICT COURT |
| *Defendant.* | § | |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Paula Jones, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1, Texas Rules of Civil Procedure 190.2.

### PARTIES

2. Plaintiff, Paula Jones, resides in Jefferson County, Texas.

3. Defendant, United Property & Casualty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon UPC, through its registered agent for service listed with the Texas Department of Insurance: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over UPC because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC's business activities in the state, including those in Jefferson County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Jefferson County, Texas because the insured property is located in Jefferson County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owned a UPC insurance policy, number UTW6965251 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 148 Montclair Drive, Beaumont, Texas 77707 ("the Property").

8. UPC or its agent sold the Policy, insuring the Property, to Plaintiff. UPC represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. Coverage for windstorm, wind and hail began January 19, 2020 and ended January 19, 2021. Plaintiff has purchased insurance from UPC since at least 2020. UPC has refused the full extent of that coverage currently owed to Plaintiff.

9. The Property sustained extensive damage resulting from a severe storm that passed through the Jefferson County, Texas area during the Policy Period.

10. In the aftermath of the storm, Plaintiff submitted a Claim to UPC against the Policy for damage to the Property. UPC assigned claim number 20TX00051712 to Plaintiff's claim (the "Claim").

11. Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

12. UPC hired or assigned its agent, Yolanda Turner (ADJUSTER), to inspect and adjust the claim. Turner conducted an inspection on or about September 22, 2020. ADJUSTER did not investigate the weather at or near Plaintiff's property. ADJUSTER pulled no storm reports, no wind reports, and no hail reports. ADJUSTER failed to provide any findings, conclusions, or determinations related to weather to INSURED.

13. After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Turner represented to INSURED there was no storm-related damage to the Property. After application of depreciation and $3,764.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

14. UPC, through its agent, Turner, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. UPC and Turner have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found additional storm damage damage that was completely absent from Turner's investigation. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the den, hall closet, and spare bedroom.

16. The damage to Plaintiff's Property is currently estimated at $20,766.12.

17. Turner had a vested interest in undervaluing the claims assigned to her by UPC in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of .

18. Furthermore, Turner was aware of Plaintiff's deductible prior to inspecting the Property. Turner had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

19. Turner misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Turner made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Turner misrepresented that the damage was caused by non-covered perils. Turner used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, UPC and Turner improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, UPC and Turner misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. UPC and Turner made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. UPC and Turner made these false representations with the intent that Plaintiff acts in accordance with the

misrepresentations regarding the grossly deficient damage and repair estimates prepared by .

23. Plaintiff relied on UPC and Turner's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Turner, UPC failed to assess the Claim thoroughly. Based upon Turner's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, UPC failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because UPC and Turner failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, UPC and Turner failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Turner performed an unreasonable and substandard inspection that allowed UPC to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. UPC and Turner's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. UPC and Turner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). UPC and Turner have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, UPC and Turner have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. UPC and Turner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). UPC and Turner failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after UPC received statutory demand on or about February 18, 2021, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. UPC and Turner's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Turner performed a biased and intentionally substandard inspection designed to allow UPC to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, UPC and Turner performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claim. TEX. INS. CODE §542.055. Due to Turner's subpar inspection, UPC failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Turner's intentional undervaluation of Plaintiff's Claim, UPC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Turner's understatement of the damage to the Property caused UPC to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. UPC and Turner's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

36. All allegations above are incorporated herein.

37. UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

38. UPC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of UPC's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. UPC's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. UPC's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and

services provided by UPC pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against UPC. Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, UPC have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. UPC's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. UPC represented to Plaintiff that the Policy and UPC's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. UPC represented to Plaintiff that UPC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

  F. UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

  G. UPC's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages. All of UPC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51. All allegations above are incorporated herein.

52. UPC is liable to Plaintiff for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and UPC knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. UPC made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

55. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

56. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

57. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

58. Plaintiff currently estimates that actual damages to the Property under the Policy are $20,766.12.

59. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

60. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his Claim, consequential damages, together with attorney's fees.

61. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

62. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount UPC owed, exemplary damages, and damages for emotional distress.

64. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, United Property and Casualty Insurance Company, be cited and served to appear and that upon trial hereof, Paula Jones, recovers from Defendant, United Property and Casualty Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Dated: May 07, 2021

        Respectfully submitted,

        CHAD T WILSON LAW FIRM PLLC

By: */s/ Jeremiah N. Johns*

        Chad T. Wilson
        Bar No. 24079587
        Jeremiah N. Johns
        Bar No. 24108002
        CHAD T. WILSON LAW FIRM PLLC
        455 E Medical Center Blvd, Ste 555
        Webster, Texas 77598
        Telephone: (832) 415-1432
        **cwilson@cwilsonlaw.com**
        **jjohns@cwilsonlaw.com**

        ATTORNEYS FOR PLAINTIFFS